**STATE of Vermont v. Leonard FORTE**

[678 A.2d 1265]

[No Number in Original]

May 17, 1996. Upon consideration of the State's motion to reargue, filed May 10, 1996, the order entered April 30, 1996, is withdrawn and the following order is substituted.

Defendant applied for the services of the public defender on the grounds that he is a needy person under A.O. 4 § 5. His application indicates that his income is $3,186 per month or $38,232 per year and that he has two dependents. Nonetheless, he indicates that his expenses exceed his income, in part due to a $2,286 mortgage payment on his home, which he has placed on the market for $385,000. The trial court ruled that defendant is eligible for assignment of counsel because his indebtedness exceeds the value of his assets. The order did not address the issue of reimbursement, although defendant's income exceeds 200% of the federal poverty income guideline. See 13 V.S.A. § 5238(b) (court shall require 100% reimbursement for assigned counsel where income exceeds 200% federal poverty income guideline); A.O. 4 Appendix B (guideline amount is $12,590 for family of three).

The State appeals, arguing that defendant is not a needy person, which is defined as a person who "is financially unable, without undue hardship, to provide for full payment of an attorney and all other necessary expenses of representation." A.O. 4 § 5(b). We agree that this application does not indicate that he is unable, without undue hardship, to pay an attorney to represent him. Defendant's income far exceeds the guideline amounts, and his substantial indebtedness results from an expensive lifestyle that he cannot afford. Moreover, there is no indication that he is "otherwise unable to employ an attorney." A.O. 4 § 5(b). Based on his application and supplemental affidavit, we conclude that defendant is not a needy person.

*The order granting assignment of counsel is reversed.*